## Luman Stevens *v.* Sylvester Fisher.

### *Money had and received. Usury.*

In order to entitle a party to recover back, in an action for money had and received, money paid by him upon a note, as interest, beyond the rate of six *per cent.* upon the actual consideration for the note, it is not necessary, that the money should have been paid in pursuance of any usurious agreement made at the time the note was executed.

The plaintiff executed to the defendant a note for $106,36, payable in two years, with interest, and paid the note when it became due, according to its tenor. The actual consideration for the note was $100,00; and there was no agreement, at the time it was executed, that any usurious interest should be paid upon it; but the interest for a part of the time was included in the note as part of the principal, and the note incorrectly written, so as to be payable with interest for the whole time. And it was held, that the plaintiff might recover back, in an action for money had and received, so much as the sum paid by him exceeded the actual principal and six *per cent.* interest upon it.

INDEBITATUS ASSUMPSIT for money had and received. Plea, the general issue, and trial by the court, June Term, 1850,—BENNETT, J., presiding.

On trial, it appeared, that on the seventh day of November, 1845, the plaintiff purchased of the defendant a farm, and gave his notes for the purchase money, payable annually for a series of years. Upon one of these notes, dated November 7, 1845, for $106,36, payable April 1, 1848, with interest after April 1, 1846, the plaintiff paid, on the first day of April, 1848, $119,50, being the principal and interest of the note to that time. The actual consideration for the note was $100,00, and the $6,36 was for interest cast in advance and included in the note, and the plaintiff in fact paid to the defendant $106,36, with interest upon the same for two years. At the time the note was given, there was no agreement whatever between the parties to pay any usurious interest on the note, either directly, or indirectly; and the note was drawn, payable with interest from the first of April, 1846, incorrectly, and so as not to express the contract of the parties.

The court decided, that though the plaintiff had paid the note, and the interest from April 1, 1846, according to its tenor, yet as there was no agreement to pay any extra interest for giving time of payment for the $100,00, no action could be maintained to recover back any part of the money paid, as being usurious, and rendered judgment for the defendant. Exceptions by plaintiff.

*O. Seymour* for plaintiff.

The plaintiff has paid to the defendant $19,50, as interest for the forbearance of $100,00 for two years; which is a larger rate of interest, by nearly four *per cent.*, than the law allows; and he claims, that by the terms of the statute he ought to recover the excess of interest paid by him, in this action. Rev. St. 366. The statute on the subject of interest, in force at the time the note was executed and the payment made, is materially different from the statute of 1822, or that of 1836. By the terms of both the former statutes the party paying a rate of interest, greater than the law allowed, could recover back the excess only in those cases, where the payment was made in pursuance of a previous corrupt agreement. The statute of 1839 contains no expressions qualifying the right to recover back,

XXIII.    35

when such payment has been actually made, whether with or without an agreement to pay extra interest. The action is an equitable one; and the facts show, that the defendant has the money of the plaintiff, which he cannot equitably or legally retain.

*E. N. Briggs* for defendant.

Money voluntarily paid, with a knowledge of the facts, or where the party has the means of knowledge, cannot be recovered back in the action of *indebitatus assumpsit.* 1 Sw. Dig. 409. *Andrews* v. *Hancock,* 5 E. C. L. 10. *Spragg* v. *Hammond,* 6 E. C. L. 20. *Bramston* v. *Robins,* 13 E. C. L. 323. *Gibson* v. *Bunce,* 44 E. C. L. 214. *Bulkley* v. *Stewart,* 1 Day 130. The statute, giving the right to recover for money had and received, is applicable only where a greater rate of interest, than is allowed by law, shall have been paid. It may be considered as being in restraint of taking usury, and should receive a construction similar to that applied to other statutes relating to usury. In this view, to make usury, it is essential, that there should be a corrupt agreement between the parties; a mistake in calculating the amount never makes usury, where usury is not intended. *Bank of Burlington* v. *Durkee,* 1 Vt. 399.

The opinion of the court was delivered by

Redfield, J. The facts found by the county court, in this case, show, that the plaintiff paid to the defendant more than the money due and the interest, and that this was in pursuance of the written contract between the parties, by adding interest in advance into the principal, and paying interest upon the gross sum. The court say, indeed, that this was not in pursuance of any agreement to give or receive more than the legal rate of interest, but the notes were so written, as not to express the real contract between the parties. But the defendant received the money. If he received it as interest, *eo nomine,* whether it was in pursuance of any corrupt previous agreement, or not, is immaterial. It is none the less usury, whether the agreement was cotemporaneous with the lending, or made subsequently,—whether made before the receipt of the money, or at the time,—whether the money was paid in advance, or reckoned into the note and paid with the principal sum; whenever paid as usury and *eo nomine,* it creates an immediate right of action. The ques-

tion, whether, at the time of the loan, or agreement to forbear payment, there was any agreement to pay and receive more than legal interest, was never important, except under the English statute of usury and others like it, where, such being the case, the party receiving the illegal interest not only became liable to refund that, but forfeited the principal sum.

It seems to us a most remarkable construction of the defendant's contract and his actions, under the circumstances, to say that he did not finally take this money as usury. We think, he ought to be, estopped to deny, that such was the fact, after having included it in the note, which was the only legal evidence of the contract, and actually taking the money at the end of the credit.

But if it be possible to suppose, that all this was done under some misapprehension, or delusion, of the parties, then it is impossible to say it was a voluntary payment. It is no more, nor less, than a payment by mistake, and, in that view, may be recovered back in this form of action. But the fact is patent, upon the face of the transaction, that the excess was *paid* and *received* as usury, and, by the very words of the statute, it may be recovered back in this form of action.                      Judgment reversed and case remanded.